UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1823 CAS (SHx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | RICK MANESTAR v. JP MORGAN CHASE BANK, N.A., ETC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers:) DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED** (filed 12/9/10)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 28, 2011, is hereby vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION

On November 22, 2010, plaintiff Rick Manestar ("Manestar") filed the instant complaint in the Riverside County Superior Court against defendants JP Morgan Chase Bank, N.A, formally doing business as Washington Mutual Bank ("JP Morgan Chase"), California Reconveyance Company ("California Reconveyance"), and Does 1 through 50 inclusive. The allegations relate to the foreclosure of plaintiff's home, located at 527 Cindy Court, Corona, California. The complaint alleges claims for: (1) violation of California Civil Code § 2923.5; (2) fraud; (3) intentional misrepresentation; (4) violation of California Civil Code § 2923.6; (5) violation of California Civil Code § 1572; (6) violation of Business and Professions Code § 17200; and violation of the federal Truth in Lending Act ("TILA"), 15 U.S.C § 1601 et seq. On November 24, 2010, defendants removed the action to federal court based on subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

On December 9, 2010, defendants filed the instant motion to dismiss. On January 13, 2011, plaintiff filed an opposition to defendants' motion. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1823 CAS (SHx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | RICK MANESTAR v. JP MORGAN CHASE BANK, N.A., ETC.; ET AL. | | |

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  Stated differently, only a complaint that states a claim for relief that is "plausible on its face" survives a motion to dismiss.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (quoting Twombly, 550 U.S. at 570). "The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1823 CAS (SHx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | RICK MANESTAR v. JP MORGAN CHASE BANK, N.A., ETC.; ET AL. | | |

complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.  DISCUSSION

Plaintiff's TILA claim is based on an alleged failure to "include and disclose certain charges in the finance charge shown on the TIL statement," and the alleged improper calculation of the annual percentage rate "based on improperly calculated and disclosed amounts." Compl.¶¶ 69-70. Plaintiff's TILA claim seeks rescission as a remedy for these alleged violations. Id. at ¶ 71. Defendants argue that this claim should be dismissed as time-barred. Mot. at 13. "The right of rescission under TILA lasts for a maximum period of three years and expires automatically when the property is sold." Id., citing 15 U.S.C. § 1635(f) and Beach v. Ocwen Federal Bank, 523 U.S. 410, 412–413 (1998). It is undisputed that the loan transaction at issue in this case occurred on or about November 2, 2006, and the complaint was originally filed on November 22, 2010, over four years later. The Court agrees with defendants that plaintiff's TILA claim is time-barred, and therefore GRANTS defendant's motion with respect to plaintiff's seventh claim with leave to amend.

The remainder of plaintiff's claims for relief are based entirely on common law and state law. In view of the Court's dismissal of plaintiff's federal claim, the only apparent basis for federal jurisdiction, the Court defers a decision as to the propriety of plaintiff's remaining common law and state law claims until such time as plaintiff states a viable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 10-1823 CAS (SHx) | Date | February 16, 2011 |
|---|---|---|---|
| Title | RICK MANESTAR v. JP MORGAN CHASE BANK, N.A., ETC.; ET AL. | | |

federal claim. 28 U.S.C. § 1367; see Religious Tech. Ctr. v. Wollersheim, 971 F.2d 364, 367–68 (9th Cir. 1992) ("When federal claims are dismissed before trial . . . pendant state claims also should be dismissed.") (quoting Jones v. Cmty. Redev. Agency, 733 F.2d 646, 651 (9th Cir. 1984)) (alterations in original); Scholar v. Pac. Bell, 963 F.2d 264, 268 n.4 (9th Cir. 1992) (same); Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir. 1985) ("Generally, dismissal of federal claims before trial dictates that the pendent state claims should also be dismissed."); see also Sanchez v. Torres, No. C07-04174 HRL, 2008 WL 1701900, at *6 (N.D. Cal. April 10, 2008) (declining to address state law claims where Court dismissed federal law claims providing sole basis for federal jurisdiction without prejudice).

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS defendants' motion to dismiss the complaint in its entirety without prejudice. Plaintiff shall file an amended complaint curing the defects noted herein within **thirty (30) days** after the filing of this order. Plaintiff is admonished that, in the event that plaintiff does not amend his complaint within **thirty (30) days**, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |